UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THYESSIA BROWN,                                                         No.:   1:20-cv-5742
                  Plaintiff,

                                                       **COMPLAINT AND DEMAND FOR JURY TRIAL**

        -against-

THE WAVECREST MANAGEMENT TEAM LTD.,
OCEAN BAY PAYROLL SERVICES LLC, and
WAVECREST MANAGEMENT GROUP,

                  Defendants.
-------------------------------------------------------------------X

      Plaintiff, THYESSIA BROWN, by and through her attorneys, MARK DAVID SHIRIAN, P.C., complaining of the Defendants The Wavecrest Management Team Ltd., Ocean Bay Payroll Services LLC and Wavecrest Management Group, (collectively, "Defendants"), respectfully alleges as follows:

      1.    This firm, MARK DAVID SHIRIAN P.C., represents Plaintiff THYESSIA BROWN (hereinafter "Plaintiff") in connection with her claims against her former employer, Defendants The Wavecrest Management Team Ltd., Ocean Bay Payroll Services LLC, (hereinafter "Ocean Bay") and Wavecrest Management Group (hereinafter "Wavecrest") (collectively "Defendants"), to correct unlawful employment practices on the basis of race and national origin discrimination, and to provide relief to Plaintiff who was adversely affected by such practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the New York State Human Rights Law, New York Executive Law 290 et seq., ("NYSHRL"), and New York City Human Rights Law ("NYCHRL").

      2.    This action is also brought against the Defendants under the NYCHRL and NYSHRL for disability discrimination.

## JURISDICTION AND VENUE

3. This court has original federal question jurisdiction under 28 U.S.C. 1331 and 1343 because this case is brought for racial discrimination, hostile work environment, and wrongful termination, under Title VII of the Civil Rights Act and other unlawful conduct.

4. This Court has supplemental jurisdiction over Plaintiff's New York State Human Rights Law ("NYSHRL"), New York Executive Law 290 *et seq.* and N.Y. Exec. L 296 *et seq.*, and New York City Human Rights Law ("NYCHRL") claims as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue properly lies in the Eastern District of New York pursuant to 28 U.S.C. 1391(b), because the defendants are doing business in this District and Plaintiff resides in this District.

## PROCEDURAL BACKGROUND

6. On or about December 20, 2019, Plaintiff Brown filed a complaint against defendants The Wavecrest Management Team Ltd., Ocean Bay and Wavecrest with the Equal Opportunity Commission ("EEOC") and assigned EEOC Charge No. 520-2020-01612.

7. On or about August 31, 2020, the EEOC issued a "Notice of Right to Sue" to Plaintiff Brown advising her of her right to file an action against defendants within 90 days of her receipt of the notice.

8. This lawsuit has been timely filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

9. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

10. Ms. Thyessia Brown is a 48 year-old African-American non-Hispanic female. Ms. Brown resides in Far Rockaway, New York.

11. At all relevant times, Plaintiff Brown met the definitions of an "employee" under all applicable statutes.

12. The Wavecrest Management Team Ltd., along with Wavecrest Management Group and Ocean Bay Payroll Services LLC, is a full service management company which began operations in 1979 when they took over the management of Wavecrest Gardens, a 1,650 unit, 38 building development located in Far Rockaway, County of Queens, State of New York.

13. The Wavecrest Management Team Ltd., along with Wavecrest Management Group and Ocean Bay Payroll Services LLC, (collectively "Wavecrest") were employers of Ms. Brown at all relevant times to this action.

14. At all relevant times, OCEAN BAY has met the definition of an "employer" under all applicable statutes.

15. Wavecrest was an employer of Ms. BROWN at all relevant times to this action.

16. At all relevant times, OCEAN BAY has met the definition of an "employer" under all applicable statutes.

17. At all relevant times, OCEAN BAY and Wavecrest has met the definition of a "joint employer" under all applicable statutes with respect to Plaintiff.

## FACTS

18. In or around November or December 2016, Wavecrest hired Ms. Brown as a porter.

19. Ms. Brown's responsibilities included cleaning, mitigating tripping hazards, and protection.

20. Upon information and belief, Wavecrest paid Ms. Brown. Ms. Brown wore a Wavecrest uniform.

21. At all times relevant to this action, Ms. Brown was provided with a Wavecrest uniform while she was employed, and exclusively utilized Wavecrest equipment. Wavecrest also maintained records of hours and directly supervised Ms. Brown on a daily basis.

22. Ms. Brown was supervised by Carlos Rosado, a Hispanic male employed by Wavecrest.

23. In or around November 2017, Ms. Brown sustained a workplace injury when she was in the process of placing furniture in a compactor machine.

24. As a result of this incident, Ms. Brown sustained a rotator cuff injury to her right shoulder, a disability under all applicable statutes.

25. As a result of her shoulder injury, Ms. Brown had difficulty moving or lifting heavy objects.

26. As a result of this workplace injury, Ms. Brown was out of work intermittently from November 2017 through December 2018. Ms. Brown underwent surgery in or around August 2018 for her right shoulder.

27. When Ms. Brown returned to work at Wavecrest in or around December 2018, Wavecrest required a note from Ms. Brown's doctor stating that she had no restrictions to return to work.

28. Ms. Brown provided Indira Ramirez, a Hispanic female and Assistant General Manager employed at Wavecrest with her doctor's note. However, shortly after Ms. Brown returned to work, she experienced pain with her shoulder which was exacerbated by the size of her uniform.

29. Ms. Brown then asked Indira Ramirez for an accommodation because of her shoulder disability. Indira Ramirez offered Ms. Brown a desk job in a different building but Ms. Brown declined.

30. Ms. Brown then asked for an accommodation because of her disability for assistance for moving furniture. Ms. Brown asked the head porter for assistance with moving furniture but her request was denied.

31. Notwithstanding her disability, Plaintiff was fully qualified to work at Wavecrest, with or without reasonable accommodation.

32. Ms. Brown was also obligated to participate in weekly meetings. The meetings were broken up in two parts, one for Spanish speaking employees and one meeting with all of the employees.

33. Ms. Brown was encouraged to make complaints and comments during these weekly meetings.

34. However, during a meeting in or around May 1, 2019, Ms. Brown asked if there could be a separate station on the transmitter for the Spanish speaking workers, as the Spanish speaking workers would communicate in Spanish, making it difficult for Ms. Brown to understand.

35. As a result of Ms. Brown's aforementioned comment and complaint, on or about May 2, 2019, Defendants suspended Plaintiff pending a review, accusing her of making discriminatory statements against the Spanish speaking staff / language.

36. On or about May 6, 2019, Defendants terminated Plaintiff from her employment on or about May 6, 2019.

37. In the course of performing the duties of her position, Defendants discriminated against Ms. Brown in violation of Title VII, NYSHRL, and NYCHRL, by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent discrimination against Ms. Brown because of her race and national origin. The acts of discrimination forming the basis of this complaint began in 2017, and continued throughout May 2019.

38. Ms. Brown believes she was wrongfully terminated given that she had an outstanding performance record in his role as a porter at Wavecrest. As such, Ms. Brown believes that Wavecrest engaged in discriminatory conduct by disparately treating her because she is non-Hispanic and ultimately terminating her employment based on her race and national origin.

39. Plaintiff also believes that she was not provided a reasonable accommodation under the City and State law, which led to serious physical damage, mental damage and trauma, including but not limited to emotional distress, mental pain, damage to her self-esteem.

40. Plaintiff consistently excelled in her work with Defendants.

## FIRST CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
## DISCRIMINATION BASED ON RACE / NATIONAL ORIGIN
## IN VIOLATION OF TITLE VII OF
## THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
## 42 U.S.C. 2000e-5
## (Brought against All Defendants)

41. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

42. Since at least 2017, Defendants have engaged in unlawful employment policies and practices that adversely impact non-Hispanic employees in violation of Title VII, NYSHRL, and NYCHRL.

43. Defendants' unlawful policies and practices include but are not limited to the following:

- Defendants have preferred Spanish speakers in hiring for positions;
- Defendants' preference for Spanish speakers in hiring for positions was done with its full knowledge that this practice has perpetuated a workforce that discriminates against non-Hispanic and Spanish-speaking employees, including Plaintiff;
- Defendants' Spanish-speaking preference is not job-related and consistent with business necessity.

44. The effect of the practices complained of in the paragraphs above has been to deprive non-Hispanics, including Plaintiff, of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and/or national origin.

45. The unlawful employment acts, omissions and practices complained of in the paragraphs above have been and are intentional.

46. The unlawful employment practices complained of in the paragraphs above have been and are done with malice or with reckless indifference to the federally protected rights of non-Hispanic employees, including Plaintiff.

47. Plaintiff alleges that Defendants through its agents engaged in a pattern and practice of racial and/or national origin discrimination against her with respect to the terms, conditions and privileges of her employment in violation of Title VII.

46. Since at least May, 2019, Defendants have engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-5(a).

47. Since at least May, 2019, Defendants have unlawfully treated employees of non-Hispanic backgrounds less favorably than their Hispanic counterparts.

48. Since May, 2019, Defendants have unlawfully terminated Brown, because of her race and/or her national origin, and/or non-Hispanic ancestry.

49. The effect of the practices complained of in the foregoing paragraphs has been to deprive Plaintiff Brown of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race, and/or her national origin, non-Hispanic.

50. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

51. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Plaintiff Brown, as a non-Hispanic employee.

52. As part of its pattern and practice of employment discrimination, Defendants through its agents subjected Plaintiff to racial and national origin discrimination and failed to take corrective action.

53. Defendants knew or should have known about the racial and national origin discrimination in the workplace.

54. Defendants failed and refused to take appropriate action to end the racial and national origin discrimination to which Plaintiff was subjected to, which was clearly a demonstration of bad faith.

55. That as a result of the discriminatory acts of Defendants through its agents, Plaintiff suffered monetary damages and emotional distress.

56. Defendants' discrimination against Plaintiff Brown was committed with reckless and callous disregard of her Title VII right to a workplace free from discrimination based on race and national origin.

57. As a result of Defendants' unlawful conduct, Plaintiff Brown is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
DISCRIMINATION BASED ON RACE / NATIONAL ORIGIN
IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
(Brought against All Defendants)**

58. Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

59. Since at least 2017, Defendants have engaged in unlawful employment policies and practices that adversely impact non-Hispanic employees in violation of NYSHRL.

60. Defendants' unlawful policies and practices include but are not limited to the following:

- Defendants have preferred Spanish speakers in hiring for positions;
- Defendants' preference for Spanish speakers in hiring for positions was done with its full knowledge that this practice has perpetuated a workforce that discriminates against non-Hispanic and Spanish-speaking employees, including Plaintiff;
- Defendants' Spanish-speaking preference is not job-related and consistent with business necessity.

61. The effect of the practices complained of in the paragraphs above has been to deprive non-Hispanics, including Plaintiff, of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and/or national origin.

62. The unlawful employment acts, omissions and practices complained of in the paragraphs above have been and are intentional.

63. The unlawful employment practices complained of in the paragraphs above have been and are done with malice or with reckless indifference to the federally protected rights of non-Hispanic employees, including Plaintiff.

64. Defendants discriminated against Plaintiff in violation of the New York State Human Rights Law by denying her equal terms and conditions of employment, including but not limited, taking advantage of Plaintiff, because of her race and national origin.

65. Plaintiff alleges that Defendants through its agents engaged in a pattern and practice of racial and/or national origin discrimination against her with respect to the terms, conditions and privileges of her employment in violation of the New York State Human Rights Law.

66. Since at least May, 2019, Defendants have engaged in unlawful employment practices in violation of the New York State Human Rights Law.

67. Since at least May, 2019, Defendants have unlawfully treated employees of non-Hispanic backgrounds less favorably than their Hispanic counterparts.

68. Since May, 2019, Defendants have unlawfully terminated Brown, because of her race and/or her national origin, and/or non-Hispanic ancestry.

69. The effect of the practices complained of in the foregoing paragraphs has been to deprive Plaintiff Brown of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race, and/or her national origin, non-Hispanic.

70. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

71. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Plaintiff Brown, as a non-Hispanic employee.

72. As part of its pattern and practice of employment discrimination, Defendants through its agents subjected Plaintiff to racial and national origin discrimination and failed to take corrective action.

73. Defendants knew or should have known about the racial and national origin discrimination in the workplace.

74. Defendants failed and refused to take appropriate action to end the racial discrimination to which Plaintiff was subjected to, which was clearly a demonstration of bad faith.

75. That as a result of the discriminatory acts of Defendants through its agents, Plaintiff suffered monetary damages and emotional distress.

76. Defendants' discrimination against Plaintiff Brown was committed with reckless and callous disregard of her the New York State Human Rights Law right to a workplace free from discrimination based on race and national origin

77. As a result of Defendants' unlawful conduct, Plaintiff Brown is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

78. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, but not limited to, loss of past and future income, compensation and benefits.

79. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

### THIRD CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
### DISCRIMINATION BASED ON RACE / NATIONAL ORIGIN
### IN VIOLATION OF NEW YORK CITY ADMIN. COD. §8-107
### (Brought against All Defendants)

80. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

81. Plaintiff alleges that the foregoing actions by Defendants violated the New York City Administrative Code § 8-107, in that Defendants discriminated against Plaintiff on the basis of race and national origin by terminating her employment.

82. Since at least 2017, Defendants have engaged in unlawful employment policies and practices that adversely impact non-Hispanic employees in violation of Title VII, NYSHRL, and NYCHRL.

83. Defendants' unlawful policies and practices include but are not limited to the following:

- Defendants have preferred Spanish speakers in hiring for positions;
- Defendants' preference for Spanish speakers in hiring for positions was done with its full knowledge that this practice has perpetuated a workforce that discriminates against non-Hispanic and Spanish-speaking employees, including Plaintiff;
- Defendants' Spanish-speaking preference is not job-related and consistent with business necessity.

84. The effect of the practices complained of in the paragraphs above has been to deprive non-Hispanics, including Plaintiff, of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and/or national origin.

85. The unlawful employment acts, omissions and practices complained of in the paragraphs above have been and are intentional.

86. The unlawful employment practices complained of in the paragraphs above have been and are done with malice or with reckless indifference to the federally protected rights of non-Hispanic employees, including Plaintiff.

87. Defendants discriminated against Plaintiff in violation of the New York City Human Rights Law by denying her equal terms and conditions of employment, including but not limited, taking advantage of Plaintiff, because of her race and national origin.

88. Plaintiff alleges that Defendants through its agents engaged in a pattern and practice of racial and/or national origin discrimination against her with respect to the terms, conditions and privileges of her employment in violation of the New York City Human Rights Law.

89. Since at least May, 2019, Defendants have engaged in unlawful employment practices in violation of the New York City Human Rights Law.

90. Since at least May, 2019, Defendants have unlawfully treated employees of non-Hispanic backgrounds less favorably than their Hispanic counterparts.

91. Since May, 2019, Defendants unlawfully terminated Brown, because of her race and/or her national origin, and/or non-Hispanic ancestry.

92. The effect of the practices complained of in the foregoing paragraphs has been to deprive Plaintiff Brown of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race, and/or her national origin, non-Hispanic.

93. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

94. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Plaintiff Brown, as a non-Hispanic employee.

95. As part of its pattern and practice of employment discrimination, Defendants through its agents subjected Plaintiff to racial and national origin discrimination and failed to take corrective action.

96. Defendants knew or should have known about the racial and national origin discrimination in the workplace.

97. Defendants failed and refused to take appropriate action to end the racial discrimination to which Plaintiff was subjected to, which was clearly a demonstration of bad faith.

98. That as a result of the discriminatory acts of Defendants through its agents, Plaintiff suffered monetary damages and emotional distress.

99. Defendants' discrimination against Plaintiff Brown was committed with reckless and callous disregard of her the New York City Human Rights Law right to a workplace free from discrimination based on race and national origin

100. As a result of Defendants' unlawful conduct, Plaintiff Brown is entitled to compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

101. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, but not limited to, loss of past and future income, compensation and benefits.

102. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

103. Defendants unlawful and discriminatory actions constitute willful violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

**FOURTH CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
DISABILITY DISCRIMINATION
IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
(Brought against All Defendants)**

104. Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

105. Defendants discriminated against Plaintiff in violation of the New York State Human Rights Law by denying her equal terms and conditions of employment, including but not limited, failing to engage in a good faith cooperative dialogue, and failing to provide Plaintiff with a reasonable accommodation for her disability because Defendants regarded her as disabled, and/or because of Plaintiff's record of disability.

106. As a direct and proximate result of Defendants unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, but not limited to, loss of past and future income, compensation and benefits.

107. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self- confidence, and emotional pain and suffering.

**FIFTH CLAIM OF RELIEF ON BEHALF OF PLAINTIFF**
**DISABILITY DISCRIMINATION IN VIOLATION OF**
**NEW YORK CITY ADMIN. COD. §8-107**
**(Brought against All Defendants)**

108. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

109. Defendants discriminated against Plaintiff in violation of the New York City Administrative Code § 8-107 by denying her equal terms and conditions of employment, including but not limited, failing to engage in a good faith cooperative dialogue, and failing to provide Plaintiff with a reasonable accommodation for her disability because Defendants regarded her as disabled, and/or because of Plaintiff's record of disability.

110. As a direct and proximate result of Defendants unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to

suffer monetary and/or economic damages, but not limited to, loss of past and future income, compensation and benefits.

111. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self- confidence, and emotional pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays and respectfully requests that the Court enter judgment in her favor and against Defendants, containing the following:

a. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States, and the City and State of New York.

b. Order Defendants to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

c. Order Defendants to make whole Plaintiff THYESSIA BROWN, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, lost bonuses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

d. Order Defendants to make whole Plaintiff THYESSIA BROWN, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

e. Order Defendants to make whole Plaintiff THYESSIA BROWN, by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental

anguish, embarrassment, and isolation, resulting from the unlawful employment practices described above, in amounts to be determined at trial;

f.  Order Defendants to pay Plaintiff THYESSIA BROWN, punitive damages for its malicious and reckless conduct described above;

g.  Attorney fees and costs; and

h.  Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: November 25, 2020
New York, New York

Respectfully submitted,

MARK DAVID SHIRIAN P.C.

By: _____
Mark D. Shirian, Esq.
228 East 45th Street - Suite 1700-B
New York, NY 10017
Telephone: (212) 931-6530
Facsimile: (212) 898-0163
Email: mshirian@shirianpc.com
COUNSEL FOR PLAINTIFF